IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SUSAN RODEN,** *et al.*,

    **Plaintiffs,**

        Case No. 2:19-cv-1969

    v.        Chief Magistrate Judge Elizabeth P. Deavers

**DAN SCHLICHTER,** *et al.*,

    **Defendants.**

**OPINION AND ORDER**

This case arises out of a private auction of Plaintiffs Susan and Howard Roden's personal property organized by Defendant Dan Schlichter Auctions. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. With the consent of the parties to the jurisdiction of the United States Magistrate Judge (ECF No. 14), 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 10), Plaintiff's Memorandum in Opposition (ECF No. 25), and Defendants' Reply Memorandum (ECF No. 29). Also before the Court is Defendant Jeff Schlichter's Motion for Summary Judgment (ECF No. 18), Plaintiffs' Memorandum in Opposition (ECF No. 34), and Defendant Jeff Schlichter's Reply Memorandum (ECF No. 37). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED IN PART**. Defendant Jeff Schlichter's Motion for Summary Judgment is **DENIED AS MOOT**.

**I.    FACTUAL BACKGROUND**

Plaintiff Susan Roden entered into a contract with Defendants Dan Schlichter and Dan Schlichter Auctions on March 29, 2018, for the sale of certain personal property at an auction.

(ECF No. 1 at ¶ 6.)[1]  The auction was to be held at the Colonial Building in Jeffersonville, Ohio. (*Id.*)  Plaintiffs allege that they discussed with Defendants some specific items Sue Roden wanted to be sold at the auction.  (*Id.* at ¶ 7.)  A few days after the parties signed the contract, Plaintiffs allege that Dan Schlichter brought Plaintiffs several plastic tubs for them to store their glassware.  (*Id.* at ¶ 8.)  On May 14, 2018, and May 24, 2018, Dan Schlichter, Curtis Schlichter, and at least five other agents or employees of Dan Schlichter Auctions went to Plaintiffs' residence to obtain the property to be sold at the auction.  (*Id.* at ¶ 9.)  Plaintiffs allege that, in addition to the property that they intended to have sold at the auction, Defendants also removed certain items without Plaintiffs' consent or permission, including guitars, a steel drum, tools, swords, knives, ladders, power trowels, bull floats with attachments, a dry wall hanger, electrical wiring, an electric screwdriver, a cub mower lift, books, a large amount of terra cotta pumpkins, and approximately $8,000.00 in cash that was inside a guitar case.  (*Id.* at ¶¶ 10–13.)

The auction was held over two days, on June 30, 2018, and July 7, 2018.  (*Id.* at ¶¶ 14–15.)  Plaintiffs allege that Defendants sold several of their guitars without permission and that Sue Roden had to buy back many of these guitars on that day.  (*Id.* at ¶ 14.)  Plaintiffs further assert that Defendants violated other auction laws, selling items at unfair prices to the detriment of Plaintiffs.  (*Id.*)  Plaintiffs assert that Defendants "violated reserve bids on several items" including a tractor and two vehicles, a Mustang and a Lincoln.  (*Id.* at ¶ 15.)  Plaintiffs allege that some items they had intended to sell never appeared at the auction.  (*Id.* at ¶ 17.)

---

[1] Plaintiffs indicate in their Complaint that a copy of the "personal property auction contract" is attached Exhibit A.  (ECF No. 1 at ¶ 6.)  No exhibits were attached to the Complaint.  The Court, however, accepts the facts outlined in the Complaint as true.  *See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (The Court "must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff.")

2

Plaintiffs allege that Defendants colluded with out-of-state buyers via interstate commerce, allowing them to purchase items at lower prices to the detriment of Plaintiffs. (*Id.* at ¶ 18.) According to Plaintiffs, they have not been fully compensated for their property losses or for the proceeds of the auction and that items removed by Defendants without Plaintiffs' permission have not been returned. (*Id.* at ¶¶ 19–20.)

Plaintiffs assert federal claims against Defendants under 18 U.S.C. §§ 1962(c), (d), the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (*See* ECF No. 1.) In addition, they bring state law claims of breach of contract, negligence, vicarious liability, conversion, civil theft, civil conspiracy, fraud, Ohio Pattern of Corrupt Activities Act, Ohio Revised Code Chapter 4707, *et seq.*, and intentional infliction of emotional distress. (*Id.*)

Defendants move to dismiss the claims under RICO and the Ohio Pattern of Corrupt Activities Act (also known as "Ohio RICO") as well as the claim for fraud pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 10.)

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

3

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## III.     ANALYSIS

**A. Racketeer Influenced and Corrupt Organizations Act ("RICO")**

Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, Section 1962 provides, in relevant part, the following:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d)  It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section.

18 U.S.C. § 1962(c), (d).  To establish a cause of action under Section 1962(c), a plaintiff must adequately allege four elements:

> 1) that there were two or more predicate offenses; 2) that an "enterprise" existed; 3) that there was a nexus between the pattern of racketeering activity and the enterprise; and 4) that an injury to business or property occurred as a result of the above three factors.

*VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).  To establish a cause of action under Section 1962(d), a plaintiff must adequately plead that a defendant conspired to engage in such violations.  18 U.S.C. § 1962(d) ("It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section.")

Defendants assert that Plaintiffs' RICO claims should be dismissed for failure to plead fraud with particularity and for failure to state a viable RICO claim.  (ECF No. 10 at 5–12.)

According to the Defendants, Plaintiffs have not alleged sufficient facts to establish the existence of a predicate act, a pattern of racketeering, or an enterprise. (*Id.*) Further, Defendants contend that Plaintiffs have failed to plead sufficient facts establishing an agreement among them to engage in illegal activity. (*Id.* at 12–14.) In response, Plaintiffs emphasize the expansive nature of the RICO statute and insist that they have pled sufficient facts as to each element of a RICO claim. (ECF No. 25 at 3–10.) Finding the outcome dispositive of the case, the Court turns first to the element requiring two or more predicate offenses.

<u>Two or More Predicate Offenses</u>

"In order to establish 'racketeering activity' the plaintiffs must allege a predicate act . . . under 18 U.S.C. § 1961(1)." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir.1999) (citing *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389 (6th Cir.1996)). Section 1961(1) provides a list of several predicate acts, some of which are offenses "which are indictable" under any of a number of federal statutes, including the money laundering statutes, 18 U.S.C. §§ 1956, 1957. Section 1961(1) provides in relevant part as follows:

> "[R]acketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or . . . (B) any act which is indictable under any of the following provisions of title 18, United States Code . . . section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

18 U.S.C. § 1961(1).

Plaintiffs allege that Defendants "engaged in various predicate acts of racketeering activity," including engaging in monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. § 1957. (ECF No. 1 at 7–8.) Section 1957 provides in relevant part as follows:

> (a) Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

18 U.S.C.§ 1957(a).  "Monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument . . . by, through, or to a financial institution." 18 U.S.C. § 1957(f)(1). "Specified unlawful activity" is defined as any criminal offense listed under § 1956(c)(7), "including most offenses which constitute 'racketeering activity' under § 1961(1) of the federal RICO statute. *Arnold v. Alphatec Spine, Inc.*, No. 1:13-CV-714, 2014 WL 2896838, at *13 (S.D. Ohio June 26, 2014); *see also* 18 U.S.C. §§ 1957(f)(3), 1956(c)(7).

To state a claim for money laundering under § 1957, Plaintiffs must allege the following elements:

> (1) the defendant engaged or attempted to engage,
>
> (2) in a monetary transaction,
>
> (3) in criminally derived property that is of value greater than $10,000.00,
>
> (4) knowing that the property is derived from unlawful activity, and
>
> (5) that the property is in fact derived from specified unlawful activity.

18 U.S.C. § 1957. In other words, "Plaintiffs must show that Defendants engaged in a financial transaction involving property that they knew to be criminally derived, and which actually represented the proceeds of 'specified unlawful activity' at the time the transaction occurred." *Arnold*, 2014 WL 2896838, at *13; *see also C-Ville Fabricating, Inc. v. Tarter*, No. 5:18-CV-379-KKC, 2019 WL 1368621, at *18 (E.D. Ky. Mar. 26, 2019) ("The term financial transaction includes deposits, withdrawals, transfers between accounts, stock purchases, and other actions. Further, the term 'specified unlawful activity' is defined as any criminal offense listed under §

1956(c)(7), including most offenses which constitute 'racketeering activity' under § 1961(1) of the federal RICO statute. 18 U.S.C. § 1956(c)(7)(A).")

Here, because the alleged predicate act, or "racketeering activity," is a fraud-based offense, the RICO claims must meet heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Arnold*, 2014 WL 2896838, at *11 (citing *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 365 n.4 (6th Cir.2008)). Rule 9(b) instructs that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b)'s heightened pleading requirements, "the plaintiffs, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation . . . the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 643 (6th Cir.2003)); *see also William Beaumont Hosp. Sys. v. Morgan Stanley & Co., LLC*, 677 F. App'x 979, 982–983 (6th Cir. 2017) (holding that to satisfy Rule 9(b), a plaintiff, at a minimum, must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.").

Plaintiffs here have neither directly nor indirectly pleaded the elements of § 1957 with sufficient particularity under Rule 9(b). Plaintiffs describe a series of events in the Complaint by which Plaintiffs intended to sell certain items at an auction hosted by Defendants. (ECF No. 1 at ¶¶ 6–7.) Plaintiffs allege that Defendants committed theft in the process of removing property from Plaintiffs' home in preparation for the auction. (*Id.* at ¶¶ 9–17.) Some of these items were allegedly sold at the auction, while other items were not sold but still have not been returned to the Plaintiffs. (*Id.*) Plaintiffs name two out-of-state Doe Defendants, with whom Plaintiffs

8

assert the named Defendants colluded to purchase items at the auction at a low price. (*Id.* at ¶ 18.) In support of their RICO claims, Plaintiffs conclude that Defendants "colluded and/or conspired with one another" and "knowingly engaged in monetary transactions, knowing or having reasonable belief that the property in question was derived from an unlawful activity; namely, theft; and the property was of a value greater than $10,000." (ECF No. 1 at ¶ 24.)

Plaintiffs have not pleaded with particularity the material elements of the underlying racketeering activity to support a RICO claim. Specifically, Plaintiffs have not identified the "time, place, and content" of any monetary transaction; nor have they pleaded with particularity that Defendants engaged in said monetary transaction knowing the money was criminally derived from unlawful activity. These omissions are fatal to the claim. *Heinrich*, 668 F.3d at 403 (internal citations omitted). Entirely absent from the Complaint is any allegation that the property in question was derived from a specified unlawful activity as set forth in § 1956(c)(7). While Plaintiffs generally assert that Defendants stole property from them, neither theft nor conversion is identified as a specified unlawful activity sufficient to support a RICO claim. *Otworth v. Budnik*, 594 F. App'x 859, 862 (6th Cir. 2014) ("theft . . . [is] not recognized as [a] predicate act[] under RICO, and can be dismissed immediately"); *McDonald v. Schencker*, 18 F.3d 491, 495–96 (7th Cir. 1994) (noting that conversion "does not constitute a predicate act for purposes of RICO").

Not every bad act constitutes a "racketeering activity." Instead, the RICO statute provides for a specific and exclusive list of offenses that qualify as predicate acts of "racketeering activity" for purposes of RICO liability. *See* U.S.C. § 1961(1); *Advocacy Org*, 176 F.3d at 331 (affirming dismissal of RICO claim where plaintiff failed to plead a racketeering activity under § 1961(1)).

Plaintiffs fail to set forth a plausible claim of any racketeering activity to support the claim of a RICO violation. As this element of Plaintiff's RICO claim is dispositive, the Court need not address the other elements required to sustain a claim under the RICO civil enforcement statute.[2] And because liability under Section 1962(d) for conspiracy to violate RICO requires a viable claim under Section1962(c), the Court need not address the conspiracy statute. *See Heinrich,* 668 F.3d at 411 (holding that plaintiffs must "successfully allege all the elements of a RICO violation, as well as alleging the existence of an illicit agreement to violate the substantive RICO provision" to plausibly state a claim for RICO conspiracy under § 1962(d)).

Thus, the Court **DISMISSES WITH PREJUDICE COUNTS I AND II,** Plaintiff's RICO claims under 18 U.S.C. §§ 1962(c) and (d), as to all Defendants.

**B. Remaining State Law Claims**

The two remaining claims that Defendants move to dismiss, as well as all the remaining claims in Plaintiffs' Complaint, arise under state law. *See* ECF No. 1 (asserting federal claims under RICO and state law claims of breach of contract, negligence, vicarious liability, conversion, civil theft, civil conspiracy, fraud, Ohio Pattern of Corrupt Activities Act, Ohio Revised Code 4707, *et seq.*, and intentional infliction of emotional distress.) Supplemental jurisdiction exists "in any civil action of which the district courts have original jurisdiction" where the state-law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1387(a). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (holding supplemental

---

[2] Although declining to analyze the issue here in light of this determination, the Court has significant doubts about whether Plaintiffs have sufficientlypleaded the "enterprise" element of their RICO claim as well.

jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial).

A district court may decline to exercise supplemental jurisdiction over state court claims in certain circumstances, including when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1387(c)(3). *See Gibbs*, 383 U.S. at 726 (holding that if federal claims are dismissed before trial, the state claims should be dismissed as well); *see also Rymer v. Lemaster*, No. 18-5655, 2019 WL 2583007, at *5 (6th Cir. Jan. 14, 2019), *cert. denied*, 140 S. Ct. 234 (2019) (holding that "the district court correctly declined to exercise supplemental jurisdiction over [the plaintiff's] state-law claims once his federal claims had been dismissed").

Because the Court dismisses Plaintiff's claims arising under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims as set forth in Counts III–XIII of the Complaint. Accordingly, those claims are **DISMISSED WITHOUT PREJUDICE**. In light of this dismissal, Defendant Jeff Schlichter's Motion for Summary Judgment, supported by affidavit in which he avers that he had no involvement at all in the auction at issue in this case, (ECF No. 18) is **DENIED AS MOOT**.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED IN PART** consistent with the foregoing. Counts I and II of the Complaint are **DISMISSED WITH PREJUDICE**. The remaining claims are **DISMISSED WITHOUT PREJUDICE**. Defendant Jeff Schlichter's Motion for Summary Judgment (ECF No. 18) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to terminate this case.

**IT IS SO ORDERED.**

Date: March 30, 2020                      /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE